The next case for argument today is Roen Salvage v. Sarter. All set? Ms. Murphy. Yes, Your Honor. Thank you. May it please the Court. I'm Siobhan Murphy. I represent Roen Salvage Company. This matter is before the Court on Interlocutory Appeal from Limitation Proceedings brought by Roen, in which Roen both sought limitation of liability and demanded exoneration. The trial court allowed claimant Sarter to bring a state court action based on a very limited stipulation that explicitly does not protect Roen's demanded right to exoneration. Ms. Murphy, it's something of a puzzle to me why the state court plaintiff, the person using the saving to suitor clause, has to make any concession. There hasn't been a stipulation in this case. That's an agreement of both sides. But why does there have to be any concession? Why isn't it enough that the federal judge retains the authority to set the limit of liability, which will be binding in personam on the claimant? What more is necessary? Given the way the law has developed in this particular area, the courts have consistently required these stipulations to protect… Why? Why is it necessary? There will be a judgment in the district court specifying the maximum amount of liability. What more do you need than a federal judgment? Well, Your Honor, the concern that we have and that vessel owners consistently have had as this jurisdiction developed is the application… And the protection provided to the vessel owners has consistently been by an explicit waiver… I should address my question. There are few protections in the legal world better than that of a judgment of a U.S. district court. Why do you need more than that? Don't answer by saying, well, it's been customary. You have to address the question. Your Honor, the way this matter will proceed, given the district court ruling below, is that the case will proceed to a ruling, a judgment, in the state court before a return to federal court. And when the case returns to federal court, the owner of the vessel will be raising these issues after a judgment that one presumes would be against them in the state court. To preserve our right to properly raise and litigate the federal issues, which are under the statute in the first instance exclusively an issue for the district court, and in the second, a right that we may assert and did assert… Look, whatever you think you're addressing, it isn't my question. There will be, assuming that this saving to suitors litigation proceeds in state court, there'll be a suit in which somebody will decide whether judge or jury, whether Sarter is entitled to recovery and what her damages are. And there'll be a decision in federal court about what is the maximum amount that Sarter can recover. Why do you… What more than that is needed? There will be two judgments. One will set a cap on how much the other can be. It's very awkward, but there it is. Yes, Your Honor. We also need our right to be heard on the question of exoneration, which is by Rule F appropriately raised and demanded in the federal procedure. Now, I would agree with Your Honor that the courts could very well hold that those rights are naturally preserved and the stipulation is not required, but that would be a significant departure from the jurisprudence. I wish you'd use the word stipulation correctly. A stipulation is an agreement of the two litigants. What you're looking for is described by the word concession, but I don't understand what a plaintiff's concession adds to a federal district court's judgment. And I'm hoping you could explain that to me. If we look to the Lewis case where Justice O'Connor addressed why it was appropriate to allow that case… It wasn't Justice O'Connor who addressed something. It's a decision of the Supreme Court. Yes, Your Honor. A unanimous decision of the Supreme Court. Right. It's not a separate opinion by some justice. Agreed. And it was carefully crafted, Your Honor. That decision was carefully crafted to recognize that the district court's role was to establish whether or not the rights of the vessel owner were adequately protected before lifting the federal injunction. You see, my problem is that the argument seems to be that you want a second federal bite at the question of the fact of liability after the case is litigated in state court. And I could really be off the wall on this. I don't know. But I kept wondering if that was the case and how, if it is, how that could possibly be required by the statute or by Lewis. How would that be consistent with the savings to suitors clause? I mean, it seems that that seems to be that independent right of exoneration that the Supreme Court said in no uncertain terms doesn't exist. Am I really wrong there? I would disagree with components of the assumptions of your question. In our view, the federal rights created under the statutory scheme include two elements. The first is an independent right to the limitation. The second is the right to demand an exoneration proceeding in federal court. The rule says we may demand it. What Lewis says is that there's no independent or standalone right to demand exoneration. That as a result, the only reason why you would protect the exoneration right would be in the case where the liability at issue is going to exceed the value of the vessel. And that then gives the vessel owner the comfort of saying, okay, I'm going to have the opportunity in a federal court to present two issues, the value of the vessel and the argument that I don't have any liability that I should be exonerated. Now, what difference does the state court proceeding have? If you're going to retry the whole case in federal court, why go to the state court to begin with? I'm just confused on that. I don't think you're actually retrying the whole case. So in the state court proceeding in front of the jury, there will be determinations of liability and damages based on the jury instructions in the state court. In the federal court proceeding, there will be a judicial review of whether or not under the federal law we're entitled to exoneration, as well as whether or not under the federal law we're entitled to cap the liability at the value of the vessel. I do view those as distinct different issues. And I think the statutory scheme is designed to allow us to have that federal proceeding in those circumstances where the claimant does not stipulate that the value of their claim is less than the value of the vessel. That's precisely how the Supreme Court stated it in Lewis. They then turned from stating that as the rule to applying the rule in Lewis. And the rule in Lewis was that there was no need for this protection because the claimant there had ultimately agreed to stipulate that his claim did not exceed the value of the vessel. We are factually in a different situation, but applying the same rule, the court should have satisfied itself that the rights of the vessel owner were protected by the stipulation provided by the plaintiff. And in this instance, the stipulation provided by the plaintiff makes no waiver of res judicata for the exoneration right, doesn't mention res judicata at all, and explicitly repeatedly makes it clear that there is no waiver of res judicata as to exoneration. Well, it seemed to me that Sartor's stipulation is virtually identical to the one approved by the Fifth Circuit in Ray Tetra by Tex. Would we have to split from the Fifth Circuit to rule in your favor, do you think? Yes, I think that the Tetra decision is incorrect. Tetra acknowledged the limitations that the Supreme Court itself described in regard to Lewis, but then did not apply the rule that the Supreme Court itself stated applied in Lewis. Thank you. Thank you, Your Honor. Thank you, Counsel. Mr. Conway. May it please the court, Counsel. I'm Kevin Conway. I represent Sartor. Your Honor, the Limitation Act, as you and Ms. Murphy described, is a limitation of damages. It is the exclusive federal part of this litigation. Exoneration is not. In fact, citing Lewis, which is cited many times in Rowan's brief, it is at 455, they're holding state courts may adjudicate claims like petitioners against vessel owners so long as the vessel owner's right to seek limitation of liability is protected. The Supreme Court says nothing about protecting exoneration in that case. In fact, they didn't in that case. Roy Drips in Southern Illinois went to state court and proceeded to try the case in state court to pursue the case in state court. And secondly, as far as Judge Easterbrook's question as to isn't the ruling of the federal court enough, even without a stipulation, actually, that was also addressed in Lewis in at 454 in Lewis. Out of an abundance of caution, the court stayed the limitation proceedings so that it could act if the state court proceeding jeopardized the vessel owner's rights under the Limitation Act. We believe nothing more was required to protect respondents right to seek a limitation of liability. So, in other words, you have the federal court issuing an order and they're nothing more is required. They kept the case open. If the state court somehow went off the rails, you go right to the federal court on a motion and they say, I'm sorry, you cannot collect. The vote may be worth 100,000. You may have gotten 200,000, but this is not over. Stop. And that's what Judge Griesbach did here. In addition, as far as how to protect the liability or to properly protect the limitation action, the cases are very clear that the district court has discretion. And the question here is, did the district court properly exercise its discretion? Absolutely. It entered the order. The stipulation reflects the order and it reflects in its according to Tetra. It also, according to Judge Griesbach, in his opinion, it also complies with McCarthy Brothers, a Seventh Circuit case that is cited in both sides briefs. And he says the Lake Michigan Trans Lake case, which is a district court case, does not require a stipulation that includes exoneration. It has one, but it doesn't require. OK, so in the rule of law, it doesn't require. I guess you can stipulate to more than you have to. But that doesn't change the law. And what we have done here, if we agree, you can't find a case where someone has. Tried the case in federal court on exoneration after the courts ruled, and they've had to retry it on exoneration on liability issues again in federal court. I couldn't find one. And it just shows you in these cases have been around really since the 1700s. You think there would be many of them in there aren't. Of course, we cite the Lange's case again, a very strong case about discretion of the trial court. Judge Griesbach, of course, dissolved the injunction. The limitation action is adequately protected. And we ask that he be affirmed. And of course, any questions you have of me, I'm happy to try to answer. I see none. So thank you very much. The case is taken under advisement.